**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>ANKER INNOVATIONS LTD.,<br><br>            Defendant. | Case No. 6:22-cv-00872-ADA |

**<u>DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)</u>**

# **TABLE OF CONTENTS**

I. INTODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................ 1

    A. Applicable Legal Principles .................................................................................. 1

    B. Plaintiff Fails to Sufficiently Plead its Claims Against Defendant ........................ 2

    C. Alternatively, Plaintiff Should Provide A More Definitive Statement Plausibly Setting Forth Its Infringement Claims ................................................................... 7

III. CONCLUSION ............................................................................................................. 8

# **TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................. 1, 2, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................. 1, 2, 7

*Bot M8 LLC v. Sony Corporation of America,*
  4 F.4th 1342 (Fed. Cir. 2021) ................................................................................... 2, 6, 7

*Kajeet, Inc. v. Trend Micro Inc.*,
  No. 6:21-CV-389-ADA, Dkt. No. 45 (W.D. Tex. Jan. 15, 2022) .................................. 2

*KT Imaging USA, LLC v. HP Inc.*,
  No. 4:20-cv-00337-ALM, Dkt No. 28 (E.D. Tex. Oct. 21, 2020) ............................... 6, 7

*Panasonic Corp. v. Magna Int'l, Inc.*,
  No. 6:21-CV-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 19, 2022) ........................ 1

*Swierkiewicz v. Sorema N. A.*,
  534 U.S. 506 (2002) ........................................................................................................ 8

*Thomas v. Independence Township*,
  463 F.3d 285 (3d Cir. 2006) ........................................................................................... 8

*Vervain, LLC v. Micron Technology, Inc.*,
  No. 6:21-cv-00487-ADA, Dkt No. 17  (W.D. Tex. Jan. 3, 2022) ................................... 7

**RULES**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 8

Fed. R. Civ. P. 12(e) ........................................................................................................ 8

**I.    INTODUCTION**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Anker Innovations Ltd. ("Anker") respectfully moves the Court for an order dismissing all claims asserted in the Complaint for Patent Infringement ("Complaint") filed by Plaintiff KT Imaging USA, LLC ("KTI"). Plaintiff's Complaint includes two counts, each alleging, but failing to provide factual allegations to support, infringement of U.S. Patent No. 8,004,602 ("the '602 patent") and US Patent No. 8,314,481 ("the '481 patent"), respectively. In particular, the Complaint recites the claim elements of certain claims of the asserted patents and then baldly states that the accused products include those elements without factual support, thus failing to meet the threshold pleading standards set forth by the Supreme Court. The Complaint should therefore be dismissed for failure to state a claim. Alternatively, at a minimum, the deficiencies in the Complaint warrant a more definite statement under Federal Rule of Civil Procedure 12(e).

**II.   ARGUMENT**

   **A.     Applicable Legal Principles**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To meet the plausibility standard, Plaintiff "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' based on 'more than a sheer possibility that a defendant has acted unlawfully.'" *Panasonic Corp. v. Magna Int'l, Inc.*, No. 6:21-CV-00319-ADA, 2022 WL 174513, at *1 (W.D. Tex. Jan 19, 2022) (citing *Iqbal*, 556 U.S. at 678). Accordingly, "the Court is not required to assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." *Kajeet, Inc. v. Trend Micro Inc.*, No. 6:21-CV-389-ADA, Dkt. No. 45 at *3 (W.D. Tex. Jan. 15, 2022) (internal quotation marks omitted).  Further, "[m]ere conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Id.* (internal quotation marks omitted).  The complaint must therefore support its entitlement to relief with factual content, not just conclusory allegations that an accused product meets every claim limitation.  *Bot M8 LLC v. Sony Corporation of America,* 4 F.4th 1342, 1353 (Fed. Cir. 2021).  Accordingly, a complaint offering only "'naked assertion[s]' devoid of 'further factual enhancement'" fails to meet the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### B.  Plaintiff Fails to Sufficiently Plead its Claims Against Defendant

Plaintiff's claims for infringement should be dismissed because the Complaint provides no factual allegations sufficient to permit the Court to infer that any accused product meets each limitation of any asserted claim, *i.e.*, that it infringes.  As to Count I, the Complaint first recites the elements of direct infringement under 35 U.S.C. § 271 and the elements of claim 1 of the '602 patent and then summarily concludes that each accused product includes each recited claim element.  Complaint ¶¶ 13-15.  The Complaint fails to offer any factual support as to how or why any accused product allegedly infringes the elements of the asserted claim.  Exhibits 1-4 allegedly provide images of an accused product (the Anker Eufy Pet Dog Camera D605 (T7200)), but Plaintiff made no effort whatsoever to show where any element of claim 1 is purportedly found in the images or how, if at all, the images factually support its allegations.  Complaint ¶ 14.  These exhibits have no labels or annotations and do not provide any support that would enable the court to infer that the depicted product meets each limitation of claim 1 of the '602 patent.

Claim 1 of the '602 patent is directed to an "image sensor structure with an integrated lens module" and requires specific spatial arrangements among the various recited components forming

2

the image sensor structure. '602 patent, cl. 1 (Exhibit A)[1].  For example, claim 1 recites, among other things, "a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip," "a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the light-sensing elements," "a lens module comprising a holder having a through hole and a contact surface on a bottom of the holder," and "at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip."  *Id.*  Further, the contact surface on the bottom of the holder must be combined with the surface of the chip.  *Id.*  Plaintiff alleges that Exhibit 1 (reproduced below) is a "cross-sectional image of the Anker Eufy Pet Dog Camera image sensor."  Complaint ¶ 14.  As shown below, Plaintiff made no effort to identify in Exhibit 1 any components of the image sensor structure as recited in claim 1 and noted above.  Further, Plaintiff failed to provide any factual basis for determining how any of the components depicted in Exhibit 1 meet the particular arrangement of those components as required by claim 1.

---

[1] Plaintiff did not include the patents with the Complaint so they are attached here as Exhibits A and B.



Complaint, Ex. 1.

Similar to Count I, Count II contains only a recitation of the elements of direct infringement under 35 U.S.C. § 271 and the elements of claim 1 of the '481 patent, combined with an unsupported conclusion that each accused product includes each recited claim element. Complaint ¶¶ 16-19. Just like Count I, no further allegations or statements are provided. Exhibits 5-8, which allegedly provide images of another accused product (the Anker Eufy Video Doorbell 2K (T8210)), are also unlabeled and fail to provide any factual information that would allow the Court to infer that the depicted product meets each limitation of claim 1 of the '481 patent. Complaint ¶ 18.

Similar to the '602 patent, claim 1 of the '481 patent is directed to a "substrate structure

4

for an image sensor package" and also requires specific spatial arrangements among the various recited components forming the substrate structure. '481 patent, cl. 1 (Exhibit B). For example, claim 1 recites, among other things, "a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes," "an insulation layer . . . coated between [the] first electrodes and in direct surface contact with the upper surface of the bottom base," and "a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base." *Id.* Plaintiff alleges that Exhibit 5 (reproduced below) is a "cross-sectional image of the Anker Eufy Video Doorbell 2K image sensor." Complaint ¶ 18. Again, Plaintiff did not bother to identify in Exhibit 5 the components of the structures recited in claim 1. Plaintiff offers no factual basis for determining how, if at all, the components depicted in Exhibit 5 meet the particular arrangement of those components as required by claim 1.



Complaint, Ex. 5.

Plaintiff's bare pleading, which consists of reciting the claim elements and stating that the accused products has those elements, is the exact type of pleading identified by the Court in *Bot M8* that fails to assert a plausible claim for infringement under the *Iqball/Twombly* standard. *Bot M8*, 4 F.4th at 1353 ("Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements.")[2]. Plaintiff has provided no factual allegations that articulate

---

[2] Defendant notes that *Bot M8* was decided after the motion to dismiss KTI's complaint against HP was denied by a different district court in *KT Imaging USA, LLC v. HP Inc. See* Memorandum Opinion and Order, *KT Imaging USA, LLC v. HP Inc.*, No. 4:20-cv-00337-ALM, Dkt No. 28 (E.D. Tex. Oct. 21, 2020).

why it is plausible that the accused products infringe the asserted claims. Instead, Plaintiff's statements do no more than state the legal conclusion Plaintiff bears the burden to prove. As such, they are to be afforded no weight. *Iqbal*, 556 U.S. at 678.

Under *Iqbal/Twombly*, a complaint states a claim for patent infringement only if it articulates "why it is plausible that the accused product infringes the patent claim." *Bot M8*, 4 F.4th at 1353. Plaintiffs inclusion of Exhibits 1-8 fail to cure the deficiencies of Plaintiff's statements because the depicted images, which do not contain any assertions at all regarding the claim limitations, do nothing to provide a factual basis or explanation as to why infringement is plausible. As discussed, the claims of the '602 and '481 patents require a specific, complex arrangement of image sensor components and the unannotated exhibits fail to provide a basis for the Court to infer that any accused product includes not only each required image sensor component, but also the expressly-required arrangement of those components. *See Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487-ADA, Dkt No. 17 at *10 (W.D. Tex. Jan. 3, 2022) ("In cases involving complex technology, a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice."). The Complaint here contains only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Thus, it sets forth at best only "a sheer possibility that a defendant has acted unlawfully," and should be dismissed for failing to plausibly plead a claim of infringement. *Bot M8*, 4 F.4th at 1352 (quoting *Iqbal*, 556 U.S. at 678).

### C. Alternatively, Plaintiff Should Provide A More Definitive Statement Plausibly Setting Forth Its Infringement Claims

Plaintiff's failure to plead facts supporting infringement warrants dismissal of the Complaint. At a minimum, Plaintiff should be required to amend the Complaint to provide a more definite statement identifying which specific features of Anker's accused products allegedly meet

each of the particular elements of the asserted claims, and providing a factual basis supporting how those features practice or embody each element of the asserted claims.  Fed. R. Civ. P. 12(e); *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 514 (2002) (stating that "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); *Thomas v. Independence Township*, 463 F.3d 285, 289 (3d Cir. 2006) (explaining that the remedy for a lack of factual specificity in a complaint is "the granting of a defense motion for a more definite statement under Federal Rule 12(e).").

### III.   CONCLUSION

For at least the above reasons, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Alternatively, Plaintiff should be required to amend its Complaint to provide a more definite statement that plausibly sets forth its infringement claims against Anker.


Dated:  November 3, 2022                                Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450

*Attorney for Anker Innovations Ltd.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 3rd day of November 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system

By: */s/ Melissa R. Smith*
Melissa R. Smith