**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

KT IMAGING USA, LLC,

Plaintiff,

v.

ANKER INNOVATIONS LTD.,

Defendant.

Civil Action No.: :22-cv-00872-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF KT IMAGING USA, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(B)(6)**

# TABLE OF CONTENTS

I. **INTRODUCTION** ..... 1
II. **ANKER'S MOTION TO DISMISS SHOULD BE DENIED** ..... 1
III. **CONCLUSION** ..... 7

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .......... 2, 7

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) .......... 2, 7

*Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021) .......... passim

*Chapterhouse, LLC v. Shopify, Inc.*, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. 2018) .......... 6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) .......... 2, 6, 7, 8

*Fractus v. TCL Corp.*, 2021 U.S. Dist. LEXIS 114011 (E.D. Tex. 2021) .......... 5

*KT Imaging USA, LLC v. AsusTek Computer Inc.*
No. 6:20-cv-00300-ADA, Dkt. No. 40 (W.D. Tex. 2021) .......... 3, 8

*KT Imaging USA, LLC v. HP Inc.,* 2020 U.S. Dist. LEXIS 195105(E.D. Tex. 2020) .......... 3, 7

*LBT IP II, LLC v. Uber Tech.*, Inc., 2022 U.S. Dist. LEXIS 113764 (W.D. Tex. 2022) .......... 8

*Sensor Electronic Technology Inc.* [SETi] *v. Lite-On Tech. Corp.,*
No. 6:21-CV-322-ADA, Dkt No. 62 (W.D. Tex. 2022) .......... 7

*Sesaco Corp. v. Equinom Ltd et al.,* 2022 U.S. Dist. LEXIS 90342 (W.D. Tex. 2022) .......... 8

*Vervain, LLC v. Micron Technology, Inc.*,
2022 U.S. Dist. LEXIS 54 (W.D. Tex. 2022) .......... passim

## Rules

Fed. R. Civ. P. 12(b)(6) .......... 1, 3

Fed. R. Civ. P. 8 .......... 8

## I. INTRODUCTION

Plaintiff KT Imaging USA, LLC ("KTI") opposes Defendant Anker Innovations Ltd.'s, ("Anker") motion to dismiss KTI's complaint under Fed. R. Civ. P. 12(b)(6) ("Motion"). A Court in Texas has already denied a virtually identical motion brought against a substantially similar KTI complaint in a case involving the same Patents-in-Suit. More significantly, Anker fails to cite *this* Court's recent case law applying Federal Circuit precedent as to the pleading standard for alleging infringement of a patent covering structural inventions that would undercut the basis for Anker's motion.

## II. ANKER'S MOTION TO DISMISS SHOULD BE DENIED

In its Complaint, KTI sufficiently pleaded a claim for direct patent infringement. <u>First</u>, the Complaint identifies the exemplary accused products:

> 13. Plaintiff incorporates the preceding paragraphs as if fully set forth herein. On information and belief, Anker has infringed the '602 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, selling in the United States, or importing into the United States the Accused Products, including eufyCam 2C, eufyCam 2C Pro, eufyCam 2, SoloCam S40, eufyCam 2 Pro, 4G LTE Starlight Camera, Solo Indoor Cam C24, SoloCam L20, SoloCam E40, SoloCam E20, Solo OutdoorCam C22, Video Doorbell Dual, Video Doorbell 2k, Floodlight Cam 2 Pro, Floodlight Cam 2K, Floodlight Cam 1080P, SpaceView Baby Monitor, Baby Monitor 2, SpaceView Pro Baby Monitor, Pet Dog Camera, and all other products with substantially similar imaging sensors.

Complaint, ¶ 13. <u>Second</u>, the Complaint identifies exemplary claims that are infringed and alleges that the accused products meet each and every element of at least one claim of the patents, either literally or equivalently.

> 14. For example, on information and belief, Anker has infringed and continues to infringe at least claim 1 of the '602 Patent by including an image sensor structure with an integrated lens module in the Accused Products including the Anker Eufy Pet Dog Camera D605 (T7200) product. See Ex. 1 (cross-sectional image of the

> Anker Eufy Pet Dog Camera image sensor). The image sensor structure in the Accused Products comprises a chip having a plurality of lightsensing elements arranged on a light sensing area of a first surface of the chip, a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the lightsensing elements, and at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip. See Exs. 1-3 (image of Anker Eufy Pet Dog Camera image sensor with the internal components exposed and cross-sectional images of the Anker Eufy Pet Dog Camera image sensor). The image sensor structure in the Accused Products comprises a lens module comprising a holder having a through hole and a contact surface on a bottom of the holder, wherein the contact surface is combined with the first surface, and at least one lens completely embedded inside the through hole and integrated with the holder. See Exs. 1 and 4 (crosssectional images of the Anker Eufy Pet Dog Camera image sensor).

*Id.* ¶ 14. This is sufficient under the *Twombly/Iqbal* pleading standard for KTI's claim of direct infringement. *See, e.g.*, *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260, 126 U.S.P.Q.2d 1494 (Fed. Cir. 2018) ("[The plaintiff's] allegations are sufficient under the plausibility standard of *Iqbal/Twombly*. . . . The complaint specifically identified three accused products . . . and alleged that the accused products meet 'each and every element of at least one claim of the . . . Patent[s], either literally or equivalently. . . . These disclosures and allegations are enough to provide [the defendant] fair notice of infringement of the asserted patents.").

KTI's Complaint did not stop here, however. For each and every element of the exemplary claim KTI also attached magnified teardown images of the camera modules inside the accused products, such as Exs. 1-4 and Exs. 5-8, which showed the relevant components with respect to each count. Moreover, this Court's claim construction order from the *KT Imaging USA, LLC v. AsusTek Computer Inc*. 6:20-cv-00300-ADA, Dkt. No. 40 (W.D. Tex. Jan 21, 2021) (Belenky Decl., Ex. B) case is publicly available and provides construction of several key claim terms of the Patents-in-Suit and further illuminates KTI's allegations.

Further, KTI has already successfully opposed a virtually identical motion, involving the same Patents-in-Suit, that was brought by the Defendant in *KT Imaging USA, LLC v. HP Inc.*, C.A. No. 4:20-cv-337-ALM, Dkt. 12, pp. 4-8 (E.D. Tex.) (Belenky Decl., Ex. A). KTI's Complaint in *HP* had the same level of detail and types of exhibits as in the present case—and HP's motion to dismiss was denied. *KT Imaging USA, LLC v. HP Inc. 2020 U.S. Dist. LEXIS 195105,* *3 ("[a]fter reviewing the Motion, the relevant pleadings, and briefing, the Court finds that Plaintiff has stated plausible claims for purposes of defeating a Rule 12(b)(6) motion.") And, although not binding on this Court, the *HP* opinion is a persuasive authority weighing against dismissal of this Complaint.

While tacitly acknowledging the *HP* decision (Anker's Motion, fn. 2), Anker relies on *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342 (Fed. Cir. 2021) and *Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487-ADA, 2022 U.S. Dist. LEXIS 54 (W.D. Tex. Jan. 3, 2022) to argue that KTI's allegations are insufficient. But the reliance on these two cases is misplaced because, unlike the present case, they involved intangible technology that typically requires descriptive text because images alone may not suffice.

In *Bot M8* the Federal Circuit affirmed the dismissal of infringement allegations against two patents and reversed the dismissal of infringement allegations against two other patents. One of the latter dismissed patents required "a board including a memory in which a game program . . . and an authentication program . . . are stored" separate from a "motherboard" (the "board limitation"). *Bot M8* at 1353. Alleging that the authentication program resides on the accused instrumentality's motherboards rendered the plaintiff's "infringement claim not even possible, much less plausible." *Id.* The *Bot M8* Court found that the plaintiff "pleaded itself out of the court." *Id* at 1354. The second patent included claims requiring storing "game

information including a mutual authentication program" on the same memory (the "mutual authentication" limitation). *See id.* The plaintiff argued that its complaint identified four different components satisfying this limitation. *See id*. The Federal Circuit found these allegations conclusory. The complaint did not offer factual allegations supporting a "plausible inference that the [accused instrumentality] actually stores the gaming information and mutual authentication program together." *Id*. The complaint merely "track[ed] the claim language." *Id.*

Following the guidance in *Bot M8*, this Court in *Vervain* dismissed the infringement allegations against two groups of patents covering operations of computer memory. One group of patents claimed a technique in which "the system keeps track of the number of writes to each block of memory and then moves blocks receiving the highest number of writes from a multi-level-cell module to a single-level-cell module" recited in what the Court referred to as "hot block" limitations. The second group of patents required the performance of a data integrity test on the computer memory and remapping of the address space based on the results of the test in what the Court referred to as the "data integrity test" limitations. The Court held that the *Vervain* complaint did not meet the pleading standard. The Court cited to *Bot M8*'s holding that "the degree of detail required to sufficiently plead direct infringement depends on 'the complexity of the technology, the materiality of any given element to practicing the asserted claims(s), and the nature of the allegedly infringing device." *Id*. at *13. The Court observed that the technology-at-issue in *Vervain* was "no less complex than that in *Bot M8*." *See id*. The claims in *Vervain*, the Court noted, "relate to software and firmware for using solid-state memory—they concern intangible instructions for managing data acting on hardware." *See id*. The Court cited to *Fractus v. TCL Corp*., 2021 U.S. Dist. LEXIS 114011, at *9 (E.D. Tex. June 2, 2021), a case that suggested that software-based claims may demand a higher level of pleading.

Yet, in urging the Court to dismiss KTI's complaint based on the *Bot M8* and *Vervain* decisions, Anker fails to appreciate the difference between claims covering complex, intangible subject matter, such as "software or firmware" and tangible items, such as an "image sensor structure" and "substrate structure for an image sensor package" covered by the Patents-in-Suit. This distinction was contemplated by the *Bot M8* that emphasized "the complexity of the technology" as the first factor guiding the level of details required to meet the pleading standard. Numerous courts, including *Vervain*, suggested that a higher pleading standard may apply to patents covering complex intangible inventions involving software or firmware.

By contrast, in *Disc Disease*, the Federal Circuit reversed the dismissal of the complaint alleging infringement against a spinal brace, articulating a relatively low pleading standard:

> [The plaintiff's] allegations are sufficient under the plausibility standard of Iqbal/Twombly. . . . The complaint specifically identified three accused products . . . and alleged that the accused products meet 'each and every element of at least one claim of the . . . Patent[s], either literally or equivalently. . . . These disclosures and allegations are enough to provide [the defendant] fair notice of infringement of the asserted patents.

*Disc Disease,* 888 F.3d at 1260.

In *Chapterhouse, LLC v. Shopify, Inc.*, 2018 U.S. Dist. LEXIS 219072 (E.D. Tex. 2018), the court noted that the pleading standard for tangible inventions is lower than that for intangible inventions:

> Cases involving tangible inventions and relatively straightforward claims may require less detail to state a claim and provide fair notice to the accused infringer. In contrast, "cases involving more nebulous, less tangible inventions such as computer software methods may require a higher degree of specificity to provide proper notice to the defendant."

*Id.* at *4-5.

And this Court in *Vervain* similarly characterized the technology involved as "no less

complex than that in *Bot M8*" and "more complex than a spinal brace reciting primarily mechanical components" of *Disc Disease. Id*. at *13.

Demonstrating this distinction, following the *Vervain* decision, in *Sensor Electronic Technology Inc.* [SETi] *v. Lite-On Tech. Corp.* 6:21-CV-322-ADA, Dkt No. 62 (W.D. Tex. Aug. 22, 2022), this Court considered a motion to dismiss a complaint resembling the one in the present case. Similar to Anker, the defendant in SETi (Lite-On) argued that SETi "presents purported images of the accused Lite-On product without explaining how those images demonstrate the limitations of the asserted claims." *Id.* at *6. Lite-On further argued, as Anker does here, "that the FAC merely parrots the claim language from each Asserted Patent without anything more." *Id.* The Court disagreed with Lite-On that SETi's complaint should be dismissed holding that "[t]he images provided by SETi show details down to the 1/1000th of a meter. . . . These images are supported by factual statements alleging the presence of the elements from Claim [1] of each Asserted Patent. Considering the level of detail shown in these images, Lite-On was given notice of the structures, layers, and devices that are accused of infringement." *Id.* at *7-8.

The technology and allegations in KTI's complaint are analogous to those in *Disc Disease*, *HP*, and *SETi*—they all involve structural, tangible technology and the Federal Circuit and this Court (as well as other courts) found that attaching detailed images in support of the infringement allegations was sufficient to meet the *Iqbal/Twombly* pleading standard. The *Disc Disease*, *HP*, and *SETi* cases are easily distinguishable from *Bot M8* and *Vervain*, which involved intangible technology, such as software or firmware, where images of the accused instrumentalities could not possibly provide the factual support for claim elements and therefore did not suffice to meet the pleading standard.

In sum, with the instant Complaint, KTI put Anker on notice of the accused products, asserted patents, exemplary claims, and provided detailed magnified images of the exemplary accused devices. This Court's order in *KT Imaging USA, LLC v. AsusTek Computer Inc*. construing the claims of the Patent-in-Suit is also public and available to Anker and provides further insight into KTI's allegations. As the *Disc Disease* Court held under analogous circumstances: "[t]hese disclosures and allegations are enough to provide [the defendant] with notice of infringement of the asserted patents." *Disc Disease* at 1260.

Anker faults KTI for "ma[king] no effort to identify in [the respective exhibit] any components of the of the . . . structure as recited in claim 1." Essentially, Anker would have KTI *prove* its infringement allegations. But the Federal Circuit, this Court and other courts that require infringement contentions, routinely reject such proof requirement in the Complaint. In *SETi* this Court rejected a similar argument from the defendant and did not require a claim chart at the pleading stage. *See also Bot M8* at 17 ("A plaintiff is not required to plead infringement on an element-by-element basis."); *LBT IP II, LLC v. Uber Tech.*, Inc. No. 6:21-CV-01210-ADA, 2022 U.S. Dist. LEXIS 113764, at *8 (W.D. Tex. June 28, 2022) ("Further, a plaintiff is not required to prove its case at the pleading stage. This task is more appropriately reserved for infringement contentions."); *Sesaco Corp. v. Equinom Ltd et al.* No. 1:20-CV-1053-LY, 2022 U.S. Dist. LEXIS 90342, at *3 (W.D. Tex. Mar. 11, 2022) ("Rule 8 does not require an element-by-element pleading of fact for each asserted patent claim, meaning that "in most patent cases, asking the plaintiff to provide an element-by-element analysis of the accused device in the complaint does not advance the goals of the Federal Rules of Civil Procedure.") (internal quotation marks omitted).

## III. CONCLUSION

For at least the foregoing reasons, KTI respectfully requests that the Court deny Anker's

Motion. To the extent that the Court decides that KTI's Complaint does not satisfy the pleading standard, KTI respectfully requests an opportunity to amend its Complaint.

Dated: November 17, 2022

/s/ *Andrey Belenky*

Dmitry Kheyfits
dkheyfits@kblit.com
Brandon G. Moore
bmoore@kblit.com
KHEYFITS BELENKY LLP
108 Wild Basin Road, Suite 250
Austin, TX 78746
Tel: 737-228-1838
Fax: 737-228-1843

Andrey Belenky
abelenky@kblit.com
Hanna G. Cohen
hgcohen@kblit.com
KHEYFITS BELENKY LLP
80 Broad Street, 5th Floor
New York, NY 10004
Tel: 212-203-5399
Fax: 212-203-6445

*Attorneys for Plaintiff*
*KT Imaging USA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and all accompanying documents via the Court's CM/ECF system on November 17, 2022.

/s/ *Andrey Belenky*
Andrey Belenky