**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| KT IMAGING USA, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>ANKER INNOVATIONS LTD.,<br><br>   Defendant. | Case No. 6:22-cv-00872-ADA |

**<u>DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
PURSUANT TO RULE 12(b)(6)</u>**

## **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  ANKER'S MOTION TO DISMISS SHOULD BE GRANTED ........................................ 1

III. CONCLUSION .................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**CASES**

*Alvao Digital, LLC v. C3 Presents, L.L.C. et al.*,
  No. 6:21-cv-01208-ADA, Dkt. No. 49 (W.D. Tex. Sept. 26, 2022) .......................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 3

*Disc Disease Sols. Inc. v. VGH Sols., Inc.*,
  888 F.3d 1256 (Fed. Cir. 2018) ............................................................................................. 4, 8

*KT Imaging USA, LLC v. AsusTek Computer Inc.*
  No. 6:20-cv-00300-ADA, Dkt. No. 40 (W.D. Tex. Jan. 21, 2021) .......................................... 7

*KT Imaging USA, LLC v. HP Inc.*,
  No. 4:20-cv-00337-ALM, Dkt. No. 18 (E.D. Tex. July 30, 2020) ............................................ 2

*KT Imaging USA, LLC v. HP Inc.*,
  No. 4:20-cv-00337-ALM, Dkt. No. 28 (E.D. Tex. Oct. 21, 2020) ............................................ 3

*Sensor Electronic Technology Inc. v. Lite-On Tech. Corp.*
  No. 6:21-CV-322-ADA, Dkt. No. 13 (W.D. Tex. May 13, 2021) ............................................ 4

*Sensor Electronic Technology Inc. v. Lite-On Tech. Corp.*
  No. 6:21-CV-322-ADA, Dkt. No. 62 (W.D. Tex. Aug. 22, 2022) ............................................ 4

*Vervain, LLC v. Micron Technology, Inc.*,
  No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ....................................... 3

**OTHER AUTHORITIES**

Standing Order Governing Proceedings (OGP) 4.2—Patent Cases
  (W.D. Tex. Waco Div. Sept. 16, 2022) ................................................................................... 2

**I.     INTRODUCTION**

Defendant Anker Innovations Ltd. ("Anker") respectfully submits this reply ("Reply") in support of its motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss").  In its opposition ("Opposition"), Plaintiff KT Imaging USA, LLC ("KTI") ignores that cases involving complex technology require a higher degree of detail when pleading infringement.  KTI relies on *Disc Disease* to argue that its Complaint, containing only a rote recitation of the elements of a cause of action, is sufficient to meet the pleading standard.  But *Disc Disease* does not overrule the Supreme Court's requirement that a complaint properly plead facts, rather than conclusions.  And, *Disc Disease* is inapposite in that the technology was far simpler – *Disc Disease* does not hold that attaching unannotated photographs to a complaint necessarily meets the pleading standard in cases such as this, where the photographs and technology are not self-explanatory.  Here, the technology is more akin to that in *SETi*, which was categorized as complex, requiring greater detail in the Complaint.  As KTI's Complaint admittedly does not attempt to provide any detail regarding the allegations of infringement, it fails to provide a factual basis from which the Court could plausibly infer that any product infringes any claim.  For these reasons, and as set forth below and in Anker's Motion to Dismiss, the Complaint should be dismissed

**II.    ANKER'S MOTION TO DISMISS SHOULD BE GRANTED**

KTI's attempt to rely on a ruling regarding a complaint it filed against different products years ago in a different court is unavailing.  The *HP* decision relied on by KTI is not binding on this Court, and is distinguishable because of the different procedural posture of the present matter.  In *HP*, KTI noted that infringement contentions were very likely to be provided before the motion to dismiss would be decided.  *See KT Imaging USA, LLC v. HP Inc.*, No. 4:20-cv-00337-ALM,

Dkt. No. 18, pp. 2-3 (E.D. Tex. July 30, 2020) (Ex. A). KTI argued that the Court in the Eastern District of Texas had expressed skepticism about the benefit of a motion to dismiss if it would result in a command for the plaintiff to amend a complaint *after* plaintiff had served infringement contentions. *Id.* This is not the circumstance in the present matter.

KTI recently filed suit against Anker and five other defendants in the Western District of Texas as summarized below:

| Action | Status |
| --- | --- |
| *KT Imaging USA, LLC v. Reolink Digital Technology Co., Ltd.* (6:22-cv-00876-ADA-DTG) | An executed summons has not been returned yet, so an answer deadline has not been established yet. |
| *KT Imaging USA, LLC v. Shenzhen Wansview Technology Co., Ltd.* (6:22-cv-00877-ADA) | An executed summons has not been returned yet, so an answer deadline has not been established yet. |
| *KT Imaging USA, LLC v. Hangzhou Hikvision Digitial Technology Co., LTD. et al* (6:22-cv-01026-ADA) | An executed summons has not been returned yet, so an answer deadline has not been established yet. |
| *KT Imaging USA, LLC v. Prinics Co., LTD* (6:22-cv-00875-ADA) | Answer due 12/12/2022 |
| *KT Imaging USA, LLC v. Hanwha Techwin Co., LTD* (6:22-cv-00874-ADA) | Answer due 12/19/2022 |

These matters are related. As indicated above, deadlines for responding to the complaint filed in each matter are known in only two of the five cases. Per this Court's standard order governing proceedings for patent cases, preliminary infringement contentions are due seven days before the Case Management Conference ("CMC"). Standing Order Governing Proceedings (OGP) 4.2—Patent Cases, at Section II (W.D. Tex. Waco Div. Sept. 16, 2022). The same standing order states that the CMC shall be deemed to occur 14 days after the filing date of the Case Readiness Status Report ("CRSR"). *Id.*, Section I.

As there are a number CRSR Related Cases, the CRSR deadline is seven days after the last defendant among the group of related cases responds to the corresponding complaint. *Id.* Since no response deadline has been set in three of the above-related matters, the deadline for filing the

CSRS – and in turn the deadline for KTI to serve preliminary infringement contentions – is unknown and may not occur for months given the need to serve foreign defendants in those cases. Accordingly, if Anker's motion to dismiss is granted, that order may well be given before KTI's preliminary infringement contentions are due. The *HP* case therefore does not provide a basis for denying the present motion as the procedural circumstance of the present matter is directly opposite to that of *HP*.

Further, as Anker noted in its Motion to Dismiss, *HP* was decided prior to *Bot M8*, which set forth the pleading requirements for matters involving complex technology and has been followed by this Court. *See Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) ("In cases involving complex technology, a complaint nakedly alleging that the accused product practices the claimed invention's point of novelty will rarely suffice."); *see also Alvao Digital, LLC v. C3 Presents, L.L.C. et al.*, No. 6:21-cv-01208-ADA, Dkt. No. 49, *4-5 (W.D. Tex. Sept. 26, 2022). Thus, KTI's reliance on *HP* is misguided. Finally, and more fundamentally, a Complaint that fails to set forth facts sufficient support a claim of infringement fails to meet the Supreme Court's *Iqbal* and *Twombley* standards and should be dismissed, irrespective of whether additional detail could theoretically have been provided by the Plaintiff later in the proceedings. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) ("So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (citations omitted)). If a Plaintiff could avoid dismissal simply by arguing that it will eventually provide the detail in discovery that it should have set forth in the Complaint, *Iqbal* and *Twombley* would be toothless and no cases would ever be dismissed at the pleading stage.

KTI's Opposition additionally relies on *SETi*. In *SETi*, this Court noted that the "accused product is a UV LED semiconductor device that is made of many minute components," and further stated that "[t]here is no doubt that this technology is complex, and therefore requires a higher degree of detail when pleading infringement." *Sensor Electronic Technology Inc.* [SETi] *v. Lite-On Tech. Corp.* No. 6:21-CV-322-ADA, Dkt. No. 62, *7, 10 (W.D. Tex. Aug. 22, 2022). The accused products in the present matter are image sensors comprising multiple small scale mechanical and electrical components. Accordingly, the technology of the present matter demands greater factual detail in the Complaint, which KTI utterly fails to provide.[1]

Additionally, the amended complaint in *SETi* subject to the motion to dismiss included not only detailed images but also annotations of certain images clarifying the allegations of infringement. *See Sensor Electronic Technology Inc.* [SETi] *v. Lite-On Tech. Corp.* No. 6:21-CV-322-ADA, Dkt. No. 13, *26, 28, 30-31 (W.D. Tex. May 13, 2021) (Ex. B). Further, the plaintiff provided technical descriptions of the images' contents. *Id.* In contrast, as Anker explained in its Motion to Dismiss, KTI's Complaint simply regurgitated the claim language, provided no annotations whatsoever, and failed to explain the exhibits in any manner. The requirements of *Iqbal* and *Twombley* in a case involving complex technology are not met by KTI's bare allegations.

The technology of the '481 and '602 patents is at least as complex as the technology involved in *SETi*. The chart below compares claim 1 of the '481 and '602 patents to claim 1 of Pat. No. 9,330,906 ("the '906 patent) that was asserted in *SETi*.

| Claim 1 of the '906 patent | Claim 1 of the '481 patent | Claim 1 of the '602 patent |
|---|---|---|
| 1. A structure comprising: a substrate; | 1. A substrate structure for an image sensor package, the substrate structure | 1. An image sensor structure with an integrated lens module, comprising: |

---

[1] This readily distinguishes the *Disc Disease* case, which explicitly relied on the "simple technology" involved in judging the sufficiency of the Complaint. *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

| Claim 1 of the '906 patent | Claim 1 of the '481 patent | Claim 1 of the '602 patent |
|---|---|---|
|  | comprising: |  |
| a nucleation layer located on the substrate, wherein the nucleation layer has a thickness of at least one nanometer and contains no large scale cavities, and wherein the cavity containing layer is located directly on the nucleation layer; and | a bottom base having an upper surface formed with a plurality of first electrodes, and a lower surface formed with a plurality of second electrodes, wherein an insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base; | a chip having a plurality of light-sensing elements arranged on a light-sensing area of a first surface of the chip, a plurality of first conducting pads arranged around the light-sensing area and electrically connected to the light-sensing elements, and at least one conducting channel passing through the chip and electrically connected to the first conducting pads at one end as well as extending along with a second surface of the chip; and |
| a cavity containing layer, wherein the cavity containing layer is formed of a semiconductor material, has a thickness greater than two monolayers, and has a plurality of cavities, and wherein the plurality of cavities have a characteristic size of at least one nanometer and a characteristic separation of at least five nanometers. | a frame layer arranged on and in direct surface contact with the first electrodes and the insulation layer to form a cavity together with the bottom base, wherein the insulation layer is interposed between the bottom base and the frame layer. | a lens module comprising a holder having a through hole and a contact surface on a bottom of the holder, wherein the contact surface is combined with the first surface, and at least one lens completely embedded inside the through hole and integrated with the holder. |

As with claim 1 of the '906 patent, claim 1 of the '481 patent and claim 1 of the '602 patent require numerous minute mechanical components. Even further, claim 1 of the '481 patent and claim 1 of the '602 patent require minute electrical components arranged in particular relationships with respect to the recited mechanical components. The claims of the patents in suit are therefore directed to technology at least as complex as that found in the '906 patent. To avoid dismissal, KTI should have, but did not, explain factually why it contends the claim elements are met by the accused products.

5

In its opposition, KTI argues that "[f]or each and every element of the exemplary claim KTI also attached magnified teardown images of the camera modules inside the accused products, such as Exs. 1-4 and Exs. 5-8, which showed the relevant components with respect to each count." Opposition, p. 2. This is incorrect. All the complaint does is list the claim elements and cite to unannotated photographs without explanation. Tellingly, KTI's opposition does not even attempt to explain how any particular image or portion of any particular image provides factual support for or shows any claim element. It remains entirely unclear (likely by design) which portions of any of the photographs correlate to or show any particular claim element. By way of example, Exs. 1-4 of the complaint are allegedly directed to the '602 patent, but none of these images show any feature that could reasonably be the "at least one <u>conducting channel</u> *passing through the chip* and *electrically connected to the first conducting pads* at one end as well as *extending along with a second surface of the chip*" as required by claim 1 of the '602 patent. None of the images provided by KTI provide enough detail *inside* any alleged chip that would allow the court to plausibly conclude that the above-highlighted features of claim 1 are present.

As another example, the same is true for Exs. 5-8 of the Complaint that are directed to the '481 patent. Claim 1 of the '481 patent requires that "an *insulation layer is coated between first electrodes and in direct surface contact with the upper surface of the bottom base* [and] wherein the insulation layer is *interposed between the bottom base and the frame layer*." The '481 patent uses a top view image to show how an insulation layer is coated between first electrodes and is interposed between a bottom base and a frame layer as seen in Figure 2 reproduced below (see also 1:61-63, '481 patent):



FIG. 2, '481 patent (annotated).

No such view is shown in Exs. 5-8. No image or view provided in Exs. 5-8 allows the Court to reasonably conclude that any insulation layer is coated between any electrodes and also sandwiched between any alleged bottom base and frame layer. While Ex. 5 allegedly shows a view of the accused product, it is at most a cross-sectional image, without any indication of what portions of the image relate to which claim elements. It does not, and could not, plausibly show the particular arrangement of the recited insulation layer and electrodes.

Additionally, KTI's reliance on this Court's claim construction order from the *KT Imaging USA, LLC v. AsusTek Computer Inc.* No. 6:20-cv-00300-ADA, Dkt. No. 40 (W.D. Tex. Jan. 21, 2021) case fails to "further illuminate[] KTI's allegations." Opposition, p. 2 (citing Ex. B to the Opposition). That order includes four terms construed for the '602 patent and one term construed for the '481 patent. For three of the four terms for the '602 patent, KTI proposed and the Court adopted plain and ordinary meaning constructions. For the fourth term, KTI alleged that a "chip" is an "integrated circuit." These constructions do not clarify KTI's infringement allegations or

7

somehow fill in the lack of factual support in the Complaint. Even considering the claim construction order, KTI's Complaint still fails to provide any factual basis for the Court to infer that any accused product includes each required image sensor component arranged as required by each of the asserted patent claims.

Lastly, KTI alleges that Anker would like for KTI to prove its infringement allegations at this stage. Opposition, p. 10. Rather, Anker simply demands that which the Supreme Court already requires: a Complaint containing factual information to plausibly support the claim of infringement. Doing so does not require KTI to *prove* its infringement contentions at this stage, but it certainly requires KTI to do more than simply state bald legal conclusions in its Complaint. As is stands, KTI's Complaint does not give Anker fair notice of its infringement theories or provide the necessary factual support as required. *See Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (finding that a plaintiff need not plead every element, but must give the alleged infringer fair notice of infringement).

## III.   CONCLUSION

For the foregoing reasons, and those set forth in Defendant's Motion to Dismiss, the Complaint should be dismissed for failure to state a claim.

Dated: November 28, 2022

Respectfully submitted,

By: */s/ Melissa R. Smith*

Melissa R. Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450

*Attorney for Anker Innovations Ltd.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 28th day of November 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system

By: */s/ Melissa R. Smith*
Melissa R. Smith